UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JASON R. WOODWARD,

        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
DC-0752-18-0048-I-1

DATE: September 21, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher J. Keeven</u>, Esquire, Washington, D.C., for the appellant.

<u>Christopher Wilber</u>, <u>Victoria Coleman</u>, and <u>Michael Soybel</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The appellant was formerly employed by the agency as an Assistant Inspector General in the Office of Management and Administration (OMA), ES-0340-00, until the agency removed him, effective September 29, 2017.  Initial Appeal File (IAF), Tab 6 at 42.[2]  The agency's removal action was based on two charges:  neglect of duty and discrimination.[3]  *Id.* at 151-65.  The neglect of duty charge was supported by three specifications, and the discrimination charge was supported by two specifications.  *Id.*  All of the specifications related to the appellant's conduct after he learned that an applicant for employment, who suffered from a disability (hearing impairment), was not selected for a vacant information technology (IT) position in the Office of Audit and Evaluations (OAE) because of his disability.  *Id.*  In particular, the agency charged the

---

[2] Prior to this, and during the time of the events at issue in this appeal, however, the appellant was employed as the Deputy Assistant Inspector General in OMA.  IAF, Tab 6 at 174.

[3] The agency's notice of proposed removal also included a third charge of lack of candor, which the deciding official did not sustain.  IAF, Tab 6 at 43, 165-67.

appellant with violating internal directives by failing to report or investigate the alleged discrimination, recommending that the position be transferred to the Office of Information Technology Data Analysis Division (ITDAD), a subordinate office of OMA, and improperly tolerating the discrimination and considering the applicant's disability in deciding how to fill the position. *Id.*

¶3        After holding the appellant's requested hearing, the administrative judge issued an initial decision, finding that the agency failed to prove any of its charges or specifications and reversing the appellant's removal. IAF, Tab 62, Initial Decision (ID). Regarding the neglect of duty charge, the administrative judge found that the appellant had properly reported the discrimination allegation to his supervisor, the acting Inspector General (IG), and the counselor to the IG and that he was not responsible for initiating an investigation into the alleged discrimination. ID at 8-9. The administrative judge further found that it was not the appellant's duty to ensure compliance with the Department of Veterans Affairs (VA) Office of Inspector General (OIG) Directive 350 or to approve of the hiring decision, and the failings of other individuals in the agency's senior leadership should not be attributed to the appellant. ID at 11-12. Finally, the administrative judge found that the appellant acted in good faith and in consultation with other senior agency officials, including his supervisor and the acting IG, to select a qualified candidate after moving the position. ID at 12-15.

¶4        Regarding the discrimination charge, the administrative judge found that the agency failed to prove that the appellant tolerated discrimination in hiring because he was not obligated to ensure that an investigation occurred, the transfer of the position was authorized by the acting IG, and, following the transfer, the appellant sought to ensure compliance with agency directives by restricting the hiring process to evaluating candidates solely on their technical qualifications. ID at 16-19.

¶5        The agency has filed a petition for review in which it challenges solely the administrative judge's findings concerning specification 2 of its discrimination

charge. Petition for Review (PFR) File, Tab 1 at 5, 7-20. The appellant has opposed the agency's petition, and the agency has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency failed to prove specification 2 of its discrimination charge.</u>

¶6     In this specification, the agency charged the appellant with violating VA OIG Directive 350 by considering the applicant's disability when making the decision to move the vacant position from OAE to ITDAD. IAF, Tab 6 at 165. As the administrative judge found, however, the decision to move the position was made by the acting IG with the consensus of a number of individuals following reports that the applicant had not been selected for the position in OAE due to his disability. ID at 3, 19. The interviewing panel in OAE determined that this applicant was the second-best qualified and the selecting official intended to select him after the panel's first-choice candidate declined the position. IAF, Tab 6 at 175. However, a Deputy Assistant Inspector General (DAIG) in OAE approached the selecting official and informed her that management and/or someone above him[4] was not keen on hiring this individual. *Id.* As a result of the DAIG's comments, the selecting official did not select the applicant, and no individual was hired for the position. *Id.*

¶7     When the appellant learned of the alleged discrimination, he raised the issue to the acting IG, among others. ID at 2-3, 8-9. According to the appellant, he had previously recommended that IT positions be consolidated in ITDAD. IAF, Tab 7 at 422-23; Hearing Transcript at 180-85 (May 14, 2018) (testimony of the appellant). Following the alleged discriminatory incident, during a discussion with the acting IG, the appellant asserts that he stated that, if they had not announced the position in OAE and had transferred it to ITDAD like he

---

[4] This refers to the acting IG to whom the DAIG reported. IAF, Tab 6 at 174, 181, 189.

recommended, then they would not have this problem. IAF, Tab 7 at 428. Thereafter, the acting IG convened a meeting and approved the transfer of the position, with the consensus of the appellant and individuals in OAE and ITDAD. IAF, Tab 7 at 8, 428, Tab 8 at 41. According to the acting IG, she relied on the appellant's recommendation to transfer the position. IAF, Tab 8 at 41-42. Ultimately, however, the acting IG approved the transfer. ID at 3, 19; IAF, Tab 8 at 41.

¶8      The administrative judge found that the agency failed to prove this specification because it failed to prove that discrimination was a motivating factor in the appellant's decision or that the appellant had any discriminatory animus against the applicant. ID at 19-21. On review, the agency argues that the administrative judge erred in applying a discriminatory animus standard because it did not charge the appellant with violating anti-discrimination laws but rather its own internal directive. PFR File, Tab 1. According to the agency, the proper standard is whether the appellant violated the directive by considering the applicant's disability without regard to discriminatory animus or motivation. PFR File, Tab 4 at 5-6. Such a distinction, however, does not alter the outcome of the appeal because, even accepting the agency's standard, we find that it has not proven this specification.

¶9      The agency's internal policy prohibits discrimination on the basis of disability in the hiring process. In relevant part, it states, "[v]acant OIG positions within the competitive service will be filled from among the best qualified candidates available based on the application of merit principles[,] without regard to . . . non-disqualifying physical handicaps[,] . . . and will be based solely on job-related criteria." IAF, Tab 6 at 233. The agency alleged that the appellant violated this directive when he recommended moving the vacant position to ITDAD and cited the appellant's testimony during the OIG investigation concerning the alleged discrimination that part of the reason he wanted to move the position was to focus on the technical aspects of the position and get away

from "personal aspects." *Id.* at 165. The agency contended that personal aspects referred to the applicant's disability and, thus, showed that the appellant considered the applicant's disability in filling the position. *Id.*

¶10        The administrative judge, however, found that the agency's charge misconstrued the appellant's testimony and that what the appellant meant was that he could not fix the discriminatory conduct that had already occurred in OAE but that he could ensure that the reconstructed process used to fill the position in ITDAD only considered the candidates' technical qualifications. ID at 19. Thus, the administrative judge found that, contrary to the agency's charge, the record reflected that the appellant was attempting to comply with the agency directive and to remedy alleged discriminatory actions committed by other employees in the hiring process.[5]

¶11        On review, the agency also asserts generally that the appellant failed to properly remedy the discrimination and criticizes the hiring process utilized to fill the position after it was transferred to ITDAD. PFR File, Tab 4 at 7-8, 10 n.7. Such allegations, however, are not part of the charges in specification 2 of the discrimination charge, and the Board is required to review the agency's decision solely on the grounds invoked by the agency and may not substitute what it considers to be a more adequate or proper basis. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 7 (2016). Further, the administrative judge considered and rejected these arguments when he found that the agency failed to

---

[5] Because we agree with the administrative judge that the agency has failed to prove that the appellant's actions violated VA Directive 350 as charged, we do not reach the agency's inconsistent alternative arguments that the appellant's actions were motived by discriminatory intent. PFR File, Tab 1 at 9-20. Therefore, we need not consider the evidence relied on by the agency in support of such arguments, and we deny the appellant's motion to strike the agency's references to the appellant's deposition transcript, which we have not considered. PFR File, Tab 3 at 14 n.13, Tab 8. We also have not considered the agency's response to the appellant's motion to strike, PFR File, Tab 11, which was untimely filed, 5 C.F.R. § 1201.55(b) (providing that a party may object to another party's motion within 10 days from the date of service of the motion).

prove its remaining charges and specifications, and the agency has chosen not to challenge such findings. PFR File, Tab 1 at 5.

¶12 Accordingly, we affirm the initial decision, reversing the appellant's removal.

## ORDER

¶13 We ORDER the agency to cancel the appellant's removal and retroactively restore him effective September 29, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶14 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶16 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not

fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶17    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:               /s/ for
                             _____
                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.